UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

ASHLEY VALLE,                                            Case No:

    Plaintiff,                                        Hon.

v.

CAREFIRST OF MARYLAND, INC. dba
CAREFIRST BLUECROSS BLUESHIELD,
CONDUENT PAYMENT INTEGRITY
SOLUTIONS, and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendants

_____/

**Eric M. Simpson P-57232**
**Lewis A. Melfi P-73854**
Mike Morse Law Firm
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050
eric@855mikewins.com
lmelfi@855mikewins.com
jbasel@855mikewins.com
_____/

# COMPLAINT

    A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the Complaint has been previously filed in the Macomb County Circuit Court, where it was given docket number 2018-001416-NF, and was assigned to Hon. James J. Biernat, Jr. This action remains pending.

                    *s/ Eric M. Simpson*
_____
                  Eric M. Simpson P-57232

    NOW COMES Plaintiff, Ashley Valle, by and through her attorneys, the

Mike Morse Law Firm, and for her Complaint against the above-named Defendants, Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield, Conduent Payment Integrity Solutions and State Farm Mutual Automobile Insurance Company, she hereby states as follows:

## Nature and Action and Jurisdiction

1. This is an action to:

    A. Declare Plaintiff's right to benefits and the priority of coverage under §502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132, and the Michigan No-Fault Act, M.C.L. §500.3101, et seq.;

    B. Enjoin certain acts and practices and to obtain other appropriate equitable relief under §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

2. This Court has jurisdiction over Plaintiff's ERISA claims pursuant to 29 U.S.C. §1132(e)(1).

3. This Court has supplemental jurisdiction over Plaintiff's claims arising under the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## Parties and General Allegations

5. Plaintiff, Ashley Valle, (hereinafter "Plaintiff") has been a subscriber

of the Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan, which is administered by Conduent Payment Integrity Solutions, and was, at all relevant times, also insured under an automobile insurance policy through Defendant, State Farm Mutual Automobile Insurance Company, who also is providing coverage under the Michigan No-Fault Act.

6. Through her employment with Under Armour, Inc., Plaintiff, was provided with medical insurance benefits through the Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan, which is administered by Conduent Payment Integrity Solutions under the terms of ERISA for the benefit of Under Armour, Inc. employees and their families, living in Michigan.

7. Defendant State Farm Mutual Automobile Insurance Company, is an insurance company that provides insurance coverage to Michigan residents under policies sold throughout Michigan and is also obligated to provide coverage pursuant to Michigan's No-Fault Act.

### Factual Background

8. Plaintiff, Ashley Valle, was a passenger in a motor vehicle, insured by

State Farm Mutual Automobile Insurance Company, on April 9, 2017, when she was seriously injured in a motor vehicle collision (hereinafter "subject collision') in Brighton Township, Michigan.

9. Plaintiff, Ashley Valle, suffered serious injuries in the subject collision including, but not limited to, injuries to her neck, including: dislocation of the C2-C3 cervical spine vertebrae, transverse process fracture at C3 with spinal cord stenosis and cord contusion at C2-C3.

10. As a result of these injuries, Ms. Valle became a quadriplegic at the young age of 26 years-old; and of-course, underwent significant medical treatment.

11. At all material times, Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan, administered by Conduent Payment Integrity Solutions.

12. At all material times, Plaintiff was insured for personal protection insurance (PIP) benefits by Defendant State Farm Mutual Automobile Insurance Company, pursuant to Michigan's No-Fault Act MCL 500.3101 *et seq.*, which obligates Defendant State Farm Mutual Automobile Insurance Company for payment of all allowable expenses

       for Plaintiff, Ashley Valle's, medical care, recovery and rehabilitation in accordance with M.C.L. §500.3107.

13. In accordance with the terms of the respective health insurance policy, upon information and belief, Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan, through Conduent Payment Integrity Solutions did pay expenses for Ashley Valle's medical care and treatment necessitated by injuries that she sustained in the subject collision. Additionally, in accordance with the insurance coverage provided by Defendant State Farm Mutual Automobile Insurance Company, medical expenses, required due to her collision-related injuries, were also paid by Defendant State Farm Mutual Automobile Insurance Comapny on behalf of Plaintiff as well.

14. Upon information and belief, Plaintiff's health insurance policy was a qualified-ERISA plan, and the plan language created a potential right of subrogation for Defendant, Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan, and its administrator, Conduent Payment Integrity Solutions.

15. As a result of the injuries she sustained in the collision, Plaintiff,

Ashley Valle, sustained "serious impairment of body function," and "permanent serious disfigurement" which, under the Michigan No-Fault Act, MCL 500.3135, also entitled her to recover non-economic tort damages and excess economic damages from the individuals and entities who caused subject collision.

16. Under the Michigan No-Fault Act, Plaintiff, Ashley Valle, is specifically prohibited from recovering any medical expenses from the individuals and entities who caused subject collision.

17. Defendants Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan and/or Conduent Payment Integrity Solutions' insurance policy purportedly contains provisions requiring Plaintiff, or those pursuing a legal claim on her behalf, to reimburse the Plan for any expenses related to bodily injuries sustained by Ashley Valle in circumstances that gives rise to a right of recovery against the third-party tortfeasors.

18. This purported right of reimbursement and subrogation effectively requires Ashley Valle, or those acting on her behalf, to recover healthcare expenses in the third-party automobile negligence action,

despite limitations imposed by the Michigan No-Fault Act, or to pay for her own medical expenses in contravention to both the laws of State of Michigan and the United States of America.

### COUNT I
### DECLARATION OF RIGHTS UNDER ERISA
### AND MICHIGAN NO-FAULT ACT

19. Plaintiff restates all of the previous allegations as incorporated herein.

20. The terms of Defendants' Defendants Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan and/or Conduent Payment Integrity Solutions' insurance policy and the Michigan No-Fault Act, which governs the State Farm Mutual Insurance Company's insurance coverage, appear to be conflicting and ambiguous with respect to their duties to pay benefits in the context of a Michigan automobile accident; however, it is clear that resolution of the ambiguity could not result in a valid claim for reimbursement or subrogation against any third-party automobile negligence recovery by Plaintiff.

21. To the extent that Defendants Defendants Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan and/or Conduent Payment Integrity Solutions are entitled to reimbursement or subrogation, it is Defendant State Farm Mutual Automobile Insurance

Company who must reimburse Defendants Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan and/or Conduent Payment Integrity Solutions pursuant to the applicable provisions of Michigan's No-Fault Act that provide coverage for all medical expenses arising from the subject collision.

22. In any event, Plaintiff, Ashley Valle, must not be liable to any Defendants for re-payment of her medical expenses from any third-party tort recovery.

23. Either Defendants, Defendants Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan, Conduent Payment Integrity Solutions or Defendant State Farm Mutual Automobile Insurance Company are primarily responsible for paying the medical expenses incurred by Plaintiff, Ashley Valle, as a result of the subject collision.

24. There is a real and present controversy between the parties requiring the Court to declare their respective rights and duties in this regard.

WHEREFORE, Plaintiff requests this Honorable Court declare the rights and duties of the parties regarding payment of Plaintiff's benefits and the priority of

coverage under the terms of the Defendants' Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan and/or Conduent Payment Integrity Solutions' health plan and State Farm Mutual Automobile Insurance Company's respective insurance coverage, pursuant to the applicable provisions of ERISA and the Michigan No-Fault Act.

## COUNT II
## INJUNCTIVE RELIEF UNDER §502(a)(e) or ERISA

25. Plaintiff restates all of the previous allegations as incorporated herein.

26. Defendants, Defendants Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan and/or Conduent Payment Integrity Solutions do not have a valid right of reimbursement, right of subrogation, or lien of any kind against Plaintiff from any third-party tort recovery arising out of the subject collision.

27. Plaintiff is a beneficiary of the Plan and is entitled to seek injunctive relief under ERISA §502(a)(3) to prevent any wrongful attempts by Defendants Defendants Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan and/or Conduent Payment Integrity Solutions from pursuing reimbursement or subrogation from any third-party tort recovery arising out of the subject collision.

28. Accordingly, it would be appropriate and equitable for this Court to enjoin Defendants, Defendants Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan and Conduent Payment Integrity Solutions from making any attempts to pursue reimbursement and/or subrogation against Plaintiff.

WHEREFORE, Plaintiff requests this Honorable Court grant a permanent injunction against Defendants Carefirst of Maryland, Inc. dba Carefirst Bluecross Blueshield Health Plan and Conduent Payment Integrity Solutions' prohibiting them or their agents, affiliates or anyone else from making and further attempts to pursue reimbursement and/or subrogation from Plaintiff.

> MIKE MORSE LAW FIRM
> Attorneys for Plaintiff
>
> s/ *Eric M. Simpson*
> _____
> Eric M. Simpson P-57323
> Lewis A. Melfi P-73854
> 24901 Northwestern Highway, Suite 700
> Southfield, Michigan 48075
> (248) 350-9050
> eric@855mikewins.com
> lmelfi@855mikewins.com

Dated: December 27, 2018